R. W. MENG ET AL *v.* C. H. ALEXANDER ET AL.

Schools and Colleges—Act of Legislature Dissolving—Void Acts.

The legislature has no power to dissolve an educational corporation, created and in existence for a number of years, and order an appropriation of the property different from that for which it was created.

Same.

The act of the legislature, approved February 17, 1866, entitled "an act concerning Allen county Seminary" held void, in that it authorizes the sequestration and distribution of the proceeds of the seminary lands not contemplated by the donors thereof.

Same—Reversion to Donors.

> The "reserving" of lands in a town, and used for some 50 years for
> school purposes, will not invest the trustees of the school with title,
> that may be disposed of on dissolution of the incorporated school. When
> dissolved, the land would revert back to the donors.

APPEAL FROM ALLEN CIRCUIT COURT.

February 22, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

By an Act of the legislature of Kentucky, approved the 3rd
of January, 1817, certain persons therein named were created a
body politic, and corporate, to be known by the name of the trus-
tees of the Allen Seminary, and by that name were to have a per-
petual succession, etc. *Sess. Acts 1816, p. 20.*

By an Act, approved the 24th of January, 1827, *Sess. Acts
1826, p. 112,* certain persons therein named, and their successors
were constituted trustees of Allen Seminary, and by this Act
vested with all the corporate powers conferred on the trustees
appointed, and incorporated under the preceding Act of January
3, 1817. These trustees were vested with power to sue for and
recover any lands, the title to which had therefore been vested
in the trustees of said seminary, and with full power to sell and
convey any part or the whole of said lands, and lay out the funds
in the erection of the necessary buildings for the accommodation
of tutors and pupils, or may vest it in any active stock at their
discretion.

It appears in evidence that many years ago a house called a
seminary was erected on a lot in the town of Scottsville, the county
seat of Allen county, for educational purposes and was also used
as a house of worship, the lot on which the house was erected was
doubtless dedicated by the trustees of Scottsville to educational
purposes, although no deed is filed, but Mulligan proves that it
is marked on the map of the town *"reserved,"* and schools were
taught there from the time the house was erected at intervals; but
whenever there was a school in said town up to 1849, when trus-
tees were elected as this witness proves, under an Act approved the
22nd of January, 1849, to amend the Act of the 3rd of January,
1817, to incorporate Allen Seminary, by which provision was

made for the election of trustees in whom, when elected and quali-
fied, all the powers, privileges and immunities were vested which
were conferred on the trustees named in the original Act. And
by the fifth section of this amendatory Act, the trustees under it,
had power to permit the trustees of the then common school sys-
tem, in said county, or such other system as might thereafter be
established to use said seminary as a school house. Since that
Act was passed the house has been repaired and fitted up under
the management of the trustees of the common school system, and
a district common school taught there, and continued up to the
period shortly before this suit was brought.

By an Act of the legislature, approved the 17th of February,
1866, entitled "An Act concerning Allen County Seminary," the
county court of Allen county, a majority of the justices being
present, and concurring therein, were authoried to appoint one
trustee in each justice's district in said county to manage and
control the said seminary for the best interests of the citizens of
said county generally, and were authorized to lease said seminary
for a period not exceeding one year at a time, and apply the money
arising therefrom to repairing the same. And they are further
authorized, three-fourths concurring therein, to sell the property
on the terms specified in the Act, and distribute the net proceeds
of the sale among the common school districts in said county.
Under and by the authority of that Act, Minge, Stark and Down-
ing, as the advertisement shows, proceeded to sell the property and
they, with others, attempt to convey it to their vendee.

Appellees being citizens of Allen county and within the school
district, including Scottsville, and a part of them being common
school trustees for said school district brought this suit, to set
aside said sale, and to be secured in the use and enjoyment of the
property in the way and for the purpose the same was dedicated,
and for general relief.

The court below set aside the sale made by Menge and others,
and that the trustees for the common school for said district
should be secured in the occupation, use and control, of said prop-
erty for a common school in said district from which Menge and
others have appealed.

It is certain that the owners and proprietors of the lot on which
the house was erected dedicated it to educational purposes more
than thirty years before the passage of the Act of 1866 *supra,*

that for the better carrying out the objects of the grantors, the seminary was incorporated, the Act of 1849 enlarged the powers of the corporators, to enable them successfully to effectuate the purposes of the corporation, and to enlarge the sphere of its usefulness, by cheapening the means of education to the extent that it might derive aid from the common school fund of the State, consistent with the objects of the donors. And the legislature had no power to dissolve the corporation, to appropriate the property to purposes totally different from those for which it was created, and sequestrate the proceeds and distribute them in a way never contemplated by the donors. If the corporation should be dissolved, or fail to carry out the objects for which it was created, the lot would revert back to the original proprietors.

Wherefore, the judgment is *affirmed.*

*Leslie & Botts, for appellants.*

*Bates & Mulligan, for appellee.*